

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2004

# USA v. Gallo

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1260

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Gallo" (2004). *2004 Decisions.* Paper 260.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/260

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-1260

UNITED STATES OF AMERICA

v.

FRANCIS ALBERT GALLO,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. No. 03-cr-00113
District Judge: The Honorable Alan N. Bloch
_____

Submitted Pursuant to Third Circuit LAR 34.1
October 1, 2004

Before: RENDELL, FUENTES and SMITH, *Circuit Judges*

(Filed: October 4, 2004)
_____

OPINION OF THE COURT
_____

*SMITH, Circuit Judge.*

This case involves Defendant Francis Albert Gallo's conditional guilty plea to one

of two federal drug charges. Gallo sold cocaine at his residence to a confidential

government informant, and a warrant was issued for his arrest. Roughly three weeks after

the first sale, Gallo received $1,000 for cocaine at his residence from the same informant. That same day, a search of his residence pursuant to a warrant turned up more cocaine. Gallo pleaded guilty to a federal charge based on the first controlled buy. Having unsuccessfully moved to suppress the cocaine found in his residence supporting a second charge, however, Gallo entered a conditional plea of guilty to the second charge. He now timely appeals the district court's denial of his properly preserved suppression motion. We will affirm.[1]

## I.

On November 20, 2002, members of the Pennsylvania State Police used a confidential informant to purchase one ounce of cocaine from Gallo at his residence. Based on this transaction, on December 10, 2002, a Commonwealth of Pennsylvania district justice issued a criminal complaint, accompanied by an arrest warrant, charging Gallo with violations of Pennsylvania drug laws. Later that day, officers attempted another controlled purchase from Gallo at his residence. This time, the confidential informant gave Gallo $1,000 in marked state funds, but received no cocaine in return.

Still later on December 10th, in part based on the partial transaction of earlier in the day, State Police filed an affidavit of probable cause and secured a search warrant for

---

[1]The District Court had jurisdiction over this case under 28 U.S.C. § 3231. Under 28 U.S.C. § 1291, this Court has jurisdiction over the District Court's final judgment of conviction and sentence.

Gallo's residence from a state district justice. Officers executed the search warrant that same day, finding in Gallo's residence: ziplock bags, bottles containing white powder and white powder residue, an electronic scale, a strainer containing white powder residue, and "owe sheets" records of drug debts. The white powder was later tested and confirmed to be 783 grams of cocaine.

Gallo was charged with two counts of violating federal drug laws. The first count stemmed from the controlled buy of November 20th. The second count stemmed from cocaine seized in the search of Gallo's residence on December 10th.

Gallo moved to suppress the evidence supporting the second count against him, claiming that the affidavit in support of the search warrant for his house did "not set forth facts . . . which in fact constitute probable cause" that cocaine was in his residence. The District Court denied the motion. Gallo pleaded guilty to the first count and, preserving his right to appeal denial of his motion to suppress, conditionally pleaded guilty to the second count.[2]

## II.

"When a district court, in reviewing a magistrate's determination of probable cause, bases its probable cause ruling on facts contained in an affidavit, we exercise

---

[2] *See* Fed. R. Cr. P. 11(a)(2) ("With the consent of the court and the government, a defendant may enter a conditional plea of guilty . . . reserving in writing the right to have an appellate court review an adverse determination of a specified pre-trial motion.").

plenary review over the district court's decision." *United States v. Conley*, 4 F.3d 1200, 1204 (3d Cir. 1993). However, "both we and the district court exercise only a deferential review of the initial probable cause determination made by the magistrate." *Id*. at 1205 (citing *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). "The duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . concluding' that probable cause existed." *Id.,* quoting *Gates*, 462 U.S. at 238. "Keeping in mind that the task of the issuing magistrate is simply to determine whether there is a fair probability that contraband . . . will be found in a particular place, a reviewing court is to uphold the warrant as long as there is a substantial basis for a fair probability that evidence will be found." *Id*. (citations omitted). *See also United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001) (same).

Gallo offers several reasons for his claim that the District Court erred in finding a substantial basis for the district justice's determination that a fair probability existed that cocaine would be found in Gallo's residence. Gallo further maintains that the good faith exception to the exclusionary rule, first enunciated in *United States v. Leon*, 468 U.S. 897 (1984), did not justify the search of his residence. We take his arguments in turn.

Gallo contends that a partial transaction, as occurred between Gallo and Pennsylvania State Police on December 10th, does not support finding a fair probability that cocaine would be found in his residence. We do not need to decide whether this is true, for, as the District Court noted, the partial transaction of December 10th was only

4

one element of the government's three-pronged rationale for seeking a search warrant. In addition to the partial transaction of December 10th at Gallo's residence, the government's affidavit of probable cause also cited the *completed* transaction on November 20th at Gallo's residence and the outstanding arrest warrant for Gallo. Taken together, we believe these three factors easily constitute a substantial basis for the magistrate's finding of a fair probability that contraband would be found in Gallo's residence.

While probable cause is a "fluid concept – turning on the assessment of probabilities in particular factual contexts," *Illinois v. Gates*, 462 U.S. at 238, numerous cases support our conclusion. To begin, one of our sister circuits "consistently" has recognized that probable cause exists where a reliable informant's tip is corroborated by a single controlled buy of illegal narcotics. *United States v. Warren*, 42 F.3d 647, 652 (D.C. Cir. 1994), *citing*, inter alia, *United States v. Allen*, 960 F.2d 1055, 1057 (D.C. Cir.), *cert. denied*, 113 S. Ct. 231 (1992). That a reliable informant's tip was corroborated by a single controlled buy certainly seems to be the situation here. Gallo disagrees, however, suggesting for the first time that there was nothing to indicate the reliability of the confidential informant.[3]

---

[3]As Gallo raises this argument for the first time on appeal, we review the district court's decision about the reliability of the informant for plain error. *See United States v. Torres*, 209 F.3d 308, 313 (3d Cir. 2000) ("Where, as here, a defendant did not at sentencing raise the issue of his or her inability to pay, a sentencing court's decision to fine and the amount of the fine is reviewed for plain error."); Fed. R. Cr. P. 52(b).

Unlike Gallo, we think that "the district justice had a readily proven method for establishing the informant's reliability: the informant's surveilled actions as reported in the affidavit." Brief for the United States at 22 n.2. As the District Court noted, the affidavit of probable cause stated that the confidential informant successfully completed a controlled buy with Gallo and provided him with $1,000 in marked funds during a second, attempted buy. Far from plain error, we conclude that the record supports the District Court's decision to credit the confidential informant by virtue of the successful controlled buy and the partial transaction. *See United States v. McKinney*, 143 F.3d 325, 329 (7th Cir. 1998) ("[Defendant] complains that the informant was new to police and untested, and therefore unreliable. Rather than simply relying on the informant's tip alone, however, police boosted the informant's reliability with the controlled buys. *Controlled buys add great weight to an informant's tip*.") (emphasis added).

Gallo insists that by the time the district justice reviewed the affidavit of probable cause on December 10th, the information concerning the November 20th controlled buy had grown stale. Here again, we disagree. Gallo is correct that "age of the information supporting a warrant application is a factor in determining probable cause." *See United States v. Forsythe*, 560 F.2d 1127, 1132 (3d Cir. 1977). But, as the government notes and as Gallo concedes, "age alone does not determine staleness. 'The likelihood that the evidence sought is still at the place to be searched depends on a number of variables, such as the nature of the crime, of the criminal, of the thing to be seized, and of the place to be

6

searched.'"  Brief for the United States at 21, quoting *United States v. Tehfe*, 722 F.2d 1114, 1119 (3d Cir. 1983).  As the District Court noted, "in investigations of ongoing narcotics operations intervals of weeks or months between the last described act and the warrant application [do] not necessarily make the information stale."  Dist. Op. at 5 (citing *United States v. Smith*, 9 F.3d 1007, 1014 (2d Cir. 1993)).

Yet, Gallo cites "age alone" to argue that the government's case for probable cause had grown stale.  This will not suffice.  We conclude that the District Court had a substantial basis for its decision that the first controlled buy had not grown stale when the partial transaction occurred and the affidavit of probable cause was presented on December 10th.

The government's possession of an arrest warrant for Gallo further reinforces this conclusion.  As the District Court correctly noted, "[w]hile probable cause to arrest does not automatically provide probable cause to search the arrestee's home, probable cause to arrest increases the likelihood that the arrestee's residence contains evidence of a crime."  Dist. Op. at 4, citing *United States v. Jones*, 994 F.2d 1051, 1055-56 (3d Cir. 1993).  Taking the government's possession of an arrest warrant together with the November 20th controlled purchase at Gallo's residence and the December 10th partial transaction at Gallo's residence, we conclude the District Court had more than a substantial basis for its finding of a fair probability that Gallo's residence contained cocaine.

Finally, even if no substantial basis existed in this case, Gallo has offered nothing

7

of substance to dispute that the officers searching his home executed the warrant in good faith. Under *United States v. Leon*, when an officer acts in the objectively reasonable belief that his conduct does not run afoul of the Fourth Amendment, the marginal benefits from suppressing the evidence do not match up to the substantial costs of excluding it. 468 U.S. at 922. In deciding whether the good faith exception applies, we ask "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. $92,422.57*, 307 F.3d 137, 145-46 (3d Cir. 2002) (quoting *United States v. Loy*, 191 F.3d 360, 367 (3d Cir. 1999)).

Typically, the mere fact that an officer has obtained a search warrant is sufficient to establish good faith. *Hodge*, 246 F.3d at 307-08. We have identified four circumstances in which an officer's reliance on a warrant is unreasonable:

> (1) [when] the magistrate [judge] issued the warrant in reliance on a deliberately or recklessly false affidavit;
> (2) [when] the magistrate judge abandoned his judicial role and failed to perform his neutral and detached function;
> (3) [when] the warrant was based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'; or
> (4) [when] the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

*Id.* at 308.

None of these circumstances exists here. Though Gallo argues that the district justice abandoned his judicial role and failed to perform his neutral and detached function – the second circumstance listed above – he offers no factual support for this claim. Instead, he circles back to his argument that probable cause was lacking. Thus, Gallo

8

essentially frames an objection under the third circumstance listed above. Accordingly, we will consider whether the affidavit in this case was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id*.

This question is easily answered. "As our probable cause analysis has already shown, [the government's] affidavit 'was not a bare bones document' but contained sufficient indicia of probable cause to support [the district justice's] finding of probable cause. . . . Once the [district justice] made that call, it was objectively reasonable for the officers to rely on it." *Id*. at 309 (citations omitted). Indeed, "we view the affidavit as making a substantial showing of probable cause on which it was objectively reasonable for the officers to rely." *United States v. $92,422.57*, 307 F.3d at 147.

For the foregoing reasons, we conclude that the District Judge had a substantial basis for deciding there was a fair probability that evidence would be found in Gallo's residence. *Conley*, 4 F.3d at 1205. We also conclude that there was ample evidence that the Pennsylvania State Police searched Gallo's residence in good faith. Accordingly, we affirm the judgment of the District Court.